UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RUSSEL WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3-12-154 |
| | § | |
| ECOMET BURLEY, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This case illustrates the lengths some parties will go to avoid federal court. Plaintiff Russel Washington, the former chief of police for the La Marque Independent School District (LMISD), was terminated after he was indicted on criminal charges that were later dropped.  In February 2012, he filed separate lawsuits arising out of his termination, but against different defendants and in different courts.  One he filed in state court asserting only state law claims against numerous defendants including LMISD and its Board of Trustees, as well as individual trustees and district officials (*Washington I*).  The other he filed in federal court against only LMISD and its Board of Trustees asserting a violation of his Fourteenth Amendment right to due process (*Washington II*).  He later amended his state court petition to include a federal section 1983 claim.  The federal claim added to *Washington I* did not last long.  Its addition prompted the defendants to remove the case to federal court.  Just two days after removal,

1

Washington dismissed the federal claim so that *Washington I* would again include only state law claims. Washington now seeks to remand that case. The *Washington I* defendants seek to keep that case in federal court and have it consolidated with *Washington II*.

Untangling this procedural rat's nest requires the Court to decide the following questions: (1) Should the Court retain *Washington I* even though it no longer includes a federal claim?; (2) Should the Court consolidate the two cases?; and (3) Should the Court decide the remand or consolidation question first?

Having considered the arguments of counsel, the applicable authorities, and the peculiar procedural history of this case, the Court concludes that it should first determine the Motion to Remand in *Washington I* and **DENIES** that motion. The Court then **GRANTS** Defendants' Motion to Consolidate. Both cases will proceed in this Court on a consolidated schedule.

## I.    BACKGROUND

Washington began serving as a police officer with LMISD in 1991, and ultimately rose to the rank of chief. According to Washington, he successfully performed his duties as chief of police and had a largely uneventful tenure until late 2006, when Defendant Ecomet Burley became superintendent of LMISD. Washington alleges that, for various political and personal reasons, Burley became determined to fire Washington and embarked on a multiyear campaign to

accomplish that goal.  Washington further alleges that Burley conspired with Defendant Kurt Sistrunk, the former District Attorney of Galveston County, to bring criminal charges against him and thus give Burley's allies on the LMISD Board of Trustees grounds to terminate his employment.

The accusations against Washington began around 2007.  That year, Burley accused him of using inappropriate physical force in restraining an uncooperative student.  LMISD placed Washington on paid administrative leave and referred him to the Galveston County District Attorney for criminal prosecution.  Prosecutors presented the allegations to a grand jury, which no billed them. Washington returned to normal duty.  The district again placed Washington on leave in 2008 after a tape recording of him discussing possible corruption on the Board surfaced. This also led one of the trustees, Defendant Cynthia Bell-Malveaux, to sue Washington for defamation.

Washington's troubles continued in late 2009 when a District Attorney's Office investigation culminated in an indictment charging him with the felony of using false information to secure title to a motor vehicle.  As a result, LMISD once against placed Washington on leave.   The Board voted to terminate his employment in March 2010, but prosecutors dismissed all criminal charges against Washington in June 2011.

Washington filed the first of his two lawsuits, *Washington I*, on February 8, 2012, in the 10th Judicial District Court of Galveston County.  The original petition sued LMISD, the Board, the Galveston County District Attorney's Office, Superintendent Burley, Assistant Superintendents Rollie Ford and Dwight Brannon, current LMISD Chief of Police Timothy Fields, former and current LMISD Trustees Cynthia Bell-Malveaux, Edward Jones, Donna Holcomb, David Rac, and Joe Cantu, and former Galveston County District Attorney Kurt Sistrunk, asserting claims for "malice," conspiracy to commit fraud, fraud and fraudulent misrepresentation, malicious prosecution, tortuous interference with a contractual relationship, intentional infliction of emotional distress, breach of contract, and wrongful termination.

One day later, Washington filed *Washington II* in this Court.  In his original complaint, he sued only LMISD and the Board, asserting claims under the Fourteenth Amendment's Due Process Clause and the Texas Open Meetings Act.

Washington amended his state court petition in *Washington I* twice.  First, in March 2012, he substituted Defendant Galveston County for Defendant Galveston County District Attorney's Office.  Second, in April 2012, he added a claim for malicious prosecution pursuant to 42 U.S.C. § 1983 and sought to dismiss his claims against the Board.

4

Defendants then removed *Washington I* to this Court in May 2012 citing the new section 1983 claim as the basis for federal jurisdiction. Two days later, Washington filed a notice of dismissal of defendants LMISD and Galveston County and a third amended pleading that deleted his section 1983 and breach of contract claims.

Meanwhile, in *Washington II*, Washington had amended his federal complaint to dismiss the claims against the Board, and Defendants had filed a Rule 12 motion to dismiss for failure to state a claim. Judge Hoyt denied the motion to dismiss prior to the reassignment of the case to this Court.

The current state of the pleadings is thus as follows: *Washington I* asserts state law claims against ten individual Defendants; *Washington II* asserts federal due process claims and a Texas Open Meetings Act claim against LMISD.

## II.   ORDER OF REVIEW

The Court must first decide the proper order in which to address Washington's remand motion and Defendants' consolidation motion. If the Court were to first consolidate the cases and then view the jurisdictional issue by considering the claims in combination, the answer would be straightforward: the federal claim in *Washington II* would support supplemental jurisdiction over the factually related state law claims in both cases and there would be no need to consider whether dismissal of the federal claim in *Washington I* requires remand of

that case.  There are no cases addressing this interplay between a consolidation motion and a motion in one of the cases seeking discretionary remand of state law claims pursuant to 28 U.S.C. § 1367(c).  The relationship between consolidation and subject matter jurisdiction has arisen in cases in which defendants improperly removed cases with no basis for federal jurisdiction and then sought to establish jurisdiction by consolidating the removed cases with other federal cases.  The courts addressed the remand issue first because a court must have jurisdiction over a case before it can start applying procedural mechanisms like consolidation.  *See, e.g.*, *Wolfman Constr. v. Porteous, Hainkel & Johnson LLP*, Civil Action No. 12-613, 2012 WL 1664608, at *2–3 (E.D. La. May 11, 2012) (ordering remand after determining that there was no original subject matter jurisdiction over the case and dismissing the motion to consolidate as moot); *Moe G. Enters., LLC v. Fontana*, Civil Action No. 10-1538, 2011 WL 98553, at *2–6 (W.D. Pa. Jan. 12, 2011) (same).  This case is different because there is subject matter jurisdiction in *Washington I* given the federal section 1983 claim that was pending when the case was removed;[1] instead, the issue concerning remand is whether the Court should

---

[1] Washington argues that remand is required because this Court has no original jurisdiction over *Washington I* since his newly filed third amended complaint lacks any federal claims.  This argument ignores the well-established rule that a plaintiff cannot destroy jurisdiction simply by amending the complaint after a proper removal.  *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007); *see also Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009).

exercise its discretion to remand the state law claims given the postremoval dismissal of that federal claim.

But that difference does not change the order in which this Court should consider the motions given the limited effect of consolidation, which "is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *see also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 (3d ed. 2008) ("[A]ctions do not lose their separate identity because of consolidation."). Moreover, while the section 1367(c) discretionary remand inquiry does not go to the Court's constitutional authority to hear a case, principles of comity and federalism that limit federal court jurisdiction still inform that inquiry. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158–59, 163 (5th Cir. 2011) (noting that even in cases where removal was proper, district courts must determine whether it is appropriate for them to continue to exercise jurisdiction once all federal claims have been eliminated). The dismissal of the federal claim from *Washington I* thus requires the Court to first decide whether it should exercise its discretion to remand the remaining state law claims. But in evaluating the efficiency and fairness concerns that factor into that analysis,

the Court must consider the practical litigation consequences of remand, which include its effect on the *Washington II* case pending in federal court.

## III.   WASHINGTON'S MOTION TO REMAND

The supplemental jurisdiction statute provides four situations in which a court "may decline" to exercise jurisdiction over state law claims even when they form part of the same "case or controversy" as claims over which the Court has original federal jurisdiction.  28 U.S.C. § 1367(a), (c)   One of those situations is when the federal claim is dismissed, leaving only the supplemental state claims. *Id.* § 1367(c)(3).  The Fifth Circuit has thus instructed that when a properly removed state court complaint is amended to delete all federal claims, district courts must review whether retaining supplemental jurisdiction over the remaining state law claims is appropriate.  *See Enochs*, 641 F.3d at 158–59.

Although the text of section 1367(c) provides that only one of the listed situations is needed to implicate a court's discretionary authority to remand state law claims, Fifth Circuit law provides that the exercise of that discretion should be guided by balancing all four statutory factors listed in section 1367(c) as well as the common law factors the Supreme Court discussed in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988).  *Enochs*, 641 F.3d at 159; *see also Enochs*, 641 F.3d at 163–64 (Prado, J., dissenting) (arguing that the statute's use of the disjunctive "or" means that "§ 1367(c) is a list of situations in which it may be

8

permissible for a district court to remand pendent state-law claims, and *not* a set of factors to be balanced" (emphasis in original)).   The statutory factors are "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c)).   The common law factors are judicial economy, convenience, fairness, and comity.   *Carnegie-Mellon*, 484 U.S. at 350, 353.   Additionally, when considering these factors, this Court should guard against forum manipulation.   *Enochs*, 641 F.3d at 159 (citing *Carnegie-Mellon*, 484 U.S. at 357).   "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Of the statutory factors, two favor remand, one is neutral, and one favors retaining jurisdiction.   The first factor weighs in favor of retaining jurisdiction because the state law claims in *Washington I* appear to be fairly standard causes of action, and there is no indication that they raise any particularly novel or complex issues.   The second and third factors clearly favor remand; Washington's state law

claims are all that remain in *Washington I* because the federal claims have been dismissed.    The fourth factor is neutral because there are no exceptional circumstances or any other compelling reasons to decline jurisdiction in this case. All told, the statutory factors weigh in favor of remand.

In contrast, the common law *Carnegie-Mellon* factors weigh heavily in favor of retaining jurisdiction.  If *Washington I* is remanded, the parties will be forced to litigate what is largely the same case twice, in two different forums.  Although the first factor, that of judicial economy, typically focuses on whether the federal court has already expended judicial resources on the case at hand, it also considers whether the parties will be required to duplicate their effort if the case is remanded. *See Enochs*, 641 F.3d at 159–60; *see also Brookshire Bros.*, 554 F.3d at 602–03 (collecting cases).  Though this case is at an early stage and the parties have expended few resources on discovery (though significant resources have already been expended on the procedural issues dealt with in this opinion), requiring the parties to proceed in two forums will require them to "duplicate" much of their "research, discovery, briefing, hearings, [and] other trial preparation work." *Enochs*, 641 F.3d at 159.  Because judicial economy will be promoted by allowing the parties to proceed in a single forum, the first factor favors retaining jurisdiction. The issue of duplicated work also affects the second factor, that of convenience, for it would be highly inconvenient—and expensive—for the parties to have to

litigate two separate cases when they can instead proceed in a single forum.  The convenience factor strongly favors retaining jurisdiction.

The same is true of the third factor, fairness.  While it is ordinarily "fair to have . . . the purely Texas state law claims heard in Texas state court," *Enochs*, 641 F.3d at 160, that is not the case when there are two pending lawsuits that address the same controversy.  Washington bases his federal due process claim in *Washington II* in large part on Trustee Malveaux's and Superintendent Burley's alleged biases against him, as well as on alleged *ex parte* communications between Burley and the Board prior to Washington's termination hearing.  These disputed facts are also at the core of many of Washington's state law claims in *Washington I*, which center on the alleged conspiracy against Washington.  Because many of the allegations in *Washington I* and *Washington II* overlap, the resulting probability of duplicative litigation would make remand unfair.  This is particularly true with respect to Defendant LMISD, which would essentially have to make two separate defenses—one on its own behalf, and one on behalf of the individual Defendants—of the allegedly wrongful acts that its employees and trustees performed in terminating Washington.  Moreover, because the two suits deal with many of the same facts, remand would make it possible for a ruling in one case to have preclusive effects in the other (at least as against Washington).  The third factor strongly favors retaining jurisdiction.

The fourth factor, comity, favors remand, as it typically does, for this Court is a court of limited jurisdiction and is "not as well equipped for determinations of state law as are state courts."  *Enochs*, 641 F.3d at 160 (citation and quotation marks omitted).  This is somewhat mitigated, however, by the fact that regardless of where *Washington I* is litigated, this Court will have to resolve the issues of state law raised in *Washington II* involving this same controversy.

The final part of the analysis concerns forum manipulation.   "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered . . . support a remand."  *Carnegie-Mellon*, 484 U.S. at 357.   Normally, a plaintiff's motion to amend its complaint to remove all federal claims and request remand "is not a particularly egregious form of forum manipulation, if it is manipulation at all."  *Enochs*, 641 F.3d at 160.  This is because "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping." *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999).  But the convoluted procedural history described above is not typical.  From the get-go, Washington tried to segregate what is factually and legally one lawsuit into separate suits in order to obtain his preferred forum for most of the claims.  He could have kept that arrangement, but then risked it by adding a federal claim to his state court lawsuit. Within two days of removal, the federal claim that warranted filing an amended

petition in state court suddenly lost its importance.  If Washington wished to keep *Washington I* in state court, "he should have [made] that assessment before the case [was] jockeyed from state court to federal court" and "drain[ed] . . . the resources of the state judiciary, the federal judiciary and the parties involved." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985).  Washington's extensive procedural maneuvering—filing two separate lawsuits on back-to-back days in state and federal court and the "it's out, then it's in, then it's back out" history of the federal claim in *Washington I* before discovery had even commenced—appears to be the "manipulative tactics" for strategic gain that weigh in favor of retaining jurisdiction.

To summarize, the overall balance of the statutory and common law factors weighs slightly in favor of retaining jurisdiction.  Two statutory factors and one common law factor counsel for remand, but one statutory factor and three common law factors favor retaining jurisdiction.  One statutory factor is neutral.  Moreover, the issue of forum manipulation favors retaining jurisdiction.  Although the "general rule" in such cases is to remand, the significant effect that *Washington II* has on the fairness, convenience, and judicial economy concerns, combined with the issue of forum manipulation, convinces the Court that the best course of action is to retain jurisdiction over *Washington I* and allow Washington to pursue his two related lawsuits in a single forum.  Washington's motion to remand is denied.

**IV.   DEFENDANTS' MOTION TO CONSOLIDATE**

Given the Court's decision not to remand, the two cases will be consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2), which allows consolidation of "actions before the court" that "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2); *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).   Because the two suits will proceed in this forum, there is every reason to consolidate them and allow the parties to more efficiently proceed towards the resolution of this case.   A joint scheduling order will follow.

## V.   ORDER

For the foregoing reasons, **IT IS ORDERED**:

Plaintiff's Opposed Motion to Remand Suit to State Court (Civil Action No. 3:12-cv-00154, Docket Entry No. 7) is **DENIED**.

Defendants' Motion to Consolidate (Civil Action No. 3:12-cv-00154, Docket Entry No. 15) is **GRANTED**.  Civil Actions Nos. 3:12-cv-00154 and 3:12-cv-00041 are **CONSOLIDATED**.  All future filings are to be made in Civil Action No. 3:12-cv-00154.

**IT IS SO ORDERED**. [2]

SIGNED this 23rd day of October, 2012.

_____
Gregg Costa
United States District Judge

_____

[2] Additionally, Defendant Kurt Sistrunk has filed a motion to dismiss on the ground that he has absolute immunity for his actions taken as a prosecutor, and the other Defendants have moved to strike portions of Washington's third amended complaint.  These motions will be addressed in a future order.