UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RUSSEL WASHINGTON, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3-12-154 |
| | § § | |
| ECOMET BURLEY, *et al*, | § § | |
| Defendants. | § § | |
| RUSSEL WASHINGTON, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3-12-41 |
| LA MARQUE ISD, | § § § | |
| Defendant. | § § | |

## ORDER

This is a continuation of Plaintiff Russel Washington's suit against his former employer, Defendant La Marque Independent School District ("LMISD"). In March 2013, this Court granted in part and denied in part LMISD's motion for summary judgment on Washington's procedural due process claim. *Washington v. Burley*, -- F. Supp. 2d --, 2013 WL 943812, at *14 (S.D. Tex. Mar. 11, 2013). LMISD now moves for the Court to reconsider the denial of summary judgment on Washington's pretermination procedural due process claims, and to that end re-urges its earlier argument that Washington received adequate pretermination due

process because he could have appealed his termination. Docket Entry No. 47. Washington has filed an untimely response opposing the motion to reconsider. Docket Entry No. 48.

In its earlier ruling, the Court held that Washington received sufficient post-termination due process as a matter of law because he could have appealed his firing to the Texas Commissioner of Education and to state court. *Washington*, 2013 WL 943812, at *8, 13 (citing, among other cases, *Myrick v. City of Dallas*, 810 F.2d 1382, 1388 (5th Cir. 1987)). However, following binding Fifth Circuit precedent, the Court held that LMISD's separate duty to provide Washington with due process before it fired him was not satisfied simply because he could appeal: "Because a tenured public employee is entitled to some predeprivation process, the existence of an adequate postdeprivation remedy cannot by itself defeat that employee's procedural due process claim." *Id.* at *8–9 (quoting *Chiles v. Morgan*, 53 F.3d 1281, 1995 WL 295391, at *1–2 (5th Cir. 1995) (per curiam, unpublished opinion)); *see* 5th Cir. R. 47.5.3 (unpublished opinions issued before January 1996 have precedential force).

LMISD now contends that the Court's reliance on *Chiles* was in error because the specific administrative appeals scheme available to Washington in this case did give Washington pretermination due process. LMISD notes the


undisputed fact that, had Washington appealed his termination to the Texas Commissioner of Education, he might have won an order vacating the termination and remanding his case to the LMISD board of trustees for a *de novo* decision on whether he should be terminated. It argues that such an order "could have turned the clock back" and provided Washington with due process before he was fired. Docket Entry No. 47 at 8 (quotation marks omitted).

However, LMISD cites no case holding that the procedural remedies available to employees of Texas public schools overcome *Chiles*, despite the frequency of such cases. The one federal case it cites on this point, *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513 (5th Cir. 1998), did not involve the due process right of a public employee. That case arose out of a county's refusal to renew a bail bondsman's license and thus did not address the distinction between predeprivation and post deprivation process that underlies the Supreme Court's *Loudermill* decision. *Id.* at 515.

As the Supreme Court has stated, "the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 (1985). If accepted, LMISD's argument that pretermination due process is satisfied when an appeals process is available "would eviscerate *Loudermill*." *Washington*, 2013

WL 943812, at *8.  The Court sees no reason to depart from its earlier holding. LMISD's motion to reconsider (Docket Entry No. 47) is **DENIED**.

    **SIGNED** this 28th day of May, 2013.

                                                      _____
                                                            Gregg Costa
                                                   United States District Judge